## Sherman v. Sherman

*Ledebur, McClain & Ledebur,* for plaintiffs.

McCREARY, P. J., December 9, 1960.—On November 7, 1960, E. Y. Calvin, Esq., the master appointed by the court to hear the testimony, to make findings of fact and conclusions of law, and to make his recommendation to the court as to the propriety of granting or refusing a divorce, did comply with the court appointment and make a complete and accurate report. The master's report is a model for accuracy and form.

As stated in our opinion of December 5, 1960, we are of the opinion that a divorce should be granted to plaintiff and against defendant and accordingly made an order authorizing a decree to be entered divorcing plaintiff from defendant and from the bond of matrimony contracted with him, with the same effect as if they had never been married, or as if defendant were naturally dead.

After discussing the merits of the case, the master pointed out that the complaint in divorce had been verified by the guardian of minor plaintiff and that it had not been verified by minor plaintiff herself. In the careful manner in which this particular member of the bar handles all assignments made to him, E. Y. Calvin, Esq., pointed out, under the heading "Discussion", that a complaint in divorce which is verified by the guardian only and not by the minor plaintiff is fatally defective.

In his discussion of the question, he said as follows:

"Upon investigating the pleadings filed in this action the Master found that the complaint had been signed and sworn to by the guardian of the minor plaintiff. This verification in the Master's opinion constituted a very serious defect for which the complaint could be dismissed for lack of jurisdiction. This

affidavit must be made by the minor plaintiff if she has sufficient mental capacity to understand its contents. Since she had the mental capacity to get married, there was nothing to indicate any reason why she had not sworn to the allegations in the complaint. There are certain allegations required in a complaint in divorce which only the plaintiff can verify. The following in our opinion is a correct statement of the law governing this question of verification.

"Freedman—Law of Marriage and Divorce in Pennsylvania, Vol. 2, page 1137, Sec. 556.

" '*Affiant*. The statutory affidavit to the libel was more than a mere verification of the facts set forth in the pleading. It affirmed the sincerity and truth of the proceedings and the absence of collusion. The Divorce Law therefore required the affidavit to be taken by the libellant in person, even though the suit was brought by a minor and the libel was presented by a relative or next friend. It had been so held, without express statutory provision, prior to the Divorce Law. In a well considered opinion the Court said: "The affidavit which the Act prescribes and requires is manifestly intended to be made by the party whose libel it must accompany—by the husband or wife as the case may be. This intent is manifested, not only by the general tenor of the act, but also by the precise nature of the affidavit. How can a next friend make a positive oath that there has been no collusion 'between the said husband and wife', and that the complaint is made, not out of levity, but in sincerity and truth". The principle remains unchanged by the Rules of Civil Procedure. Accordingly non-compliance with this requirement is a fatal defect for which the complaint must be dismissed.'

"Note: 'Pa. R. C. P. No. 2036 provides that affidavits to pleadings may be made by a minor if he has sufficient mental capacity to understand its contents,

otherwise the affidavit may be made by any competent person having knowledge or information as to the facts. Since a minor having the capacity to marry will have capacity to make an affidavit, the rule, in operation, will coincide with the previous applicable provisions of the Divorce Law.'

"Counsel for plaintiff may have been misled into this error by the form of verification on the printed complaint in divorce. The form indicates generally that the affidavit can be made by the 'Plaintiff, Guardian, Committee'. It says also 'See Rule 1024' which is not sufficient to cover the case of a minor plaintiff. Counsel must also consult Rule 2036, when the complaint involves a minor plaintiff.

"Counsel for plaintiff has filed a Stipulation and agreement signed by defendant in an attempt to cure this defect by an amendment adding a verification by the minor plaintiff. Defendant has agreed that this amendment shall have the same force and effect as if this affidavit had appeared, appropriately dated, on the original complaint. Rule 1033 states that 'A party, either by filed consent of the adverse party or by leave of Court, may at any time change the form of action, correct the name of a party or amend his pleading'.

"The Master was first of the opinion that such an amendment should be by leave of Court and that plaintiff must secure the Court's approval to file such an amendment involving matters of jurisdiction. But since the rule says 'by filed consent of the adverse party' the amendment as filed should be sufficient. The defendant by his written consent filed has submitted himself to the jurisdiction of the Court. The Master would be pleased to have the Court pass on this question. The whole matter should be cleared up so that there would be no further errors of this type by the members of the Bar."

We are satisfied that under the circumstances recited above the master properly allowed the pleading to be amended as indicated above, and we are writing this memorandum opinion for the purpose of calling forcibly to the members of the bar, particularly to those who prepare complaints in divorce and those who act as masters in divorce proceedings, that in the future all complaints in divorce must be verified by minor plaintiff. For the reason stated we will not be prone to allow the complaint to be amended by having the minor sign the verification nunc pro tunc after the complaint has been served on defendant according to law.